PPG Industries, Inc., plaintiff *v.* United States, defendant

Court No. 81-9-01273

Before Rao, *Judge.*

(Dated July 21, 1983)

*Eugene L. Stewart (Terence P. Stewart, Jeffrey S. Beckington* and *Roger Yochelson* with him on the briefs) for the plaintiff.
*J. Paul McGrath,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, Justice Department *(Sheila N. Ziff* on the brief) for the defendant.

RAO, Judge: This civil action was brought by plaintiff, an American manufacturer of clear sheet glass, to contest the final determination by the United States Commerce Department (Commerce) in its first annual review of a dumping finding with respect to clear sheet glass from Taiwan.

The original dumping finding had been made and published in 1971 by the United States Treasury Department (Treasury) which administered the antidumping laws of this country prior to the issuance of Executive Order No. 12188, January 2, 1980 (45 Fed. Reg. 993) which transferred this function from Treasury to Commerce. In its first annual review, Commerce concluded that there had been no shipments of clear sheet glass from Taiwan to the United States during the period covered by the review (July 1, 1979 through July 31, 1980). As a result, Commerce used the weighted average margins from Treasury's master list covering the period July 1, 1974 through June 30, 1976, without further investigation.

The original investigation had concerned two manufacturers or exporters of clear sheet glass to the United States: Hsinchu Glass Works, Inc. (Hsinchu) and Taiwan Glass Corporation (Taiwan Glass). Taiwan Glass ceased its exportation of the merchandise to the United States in 1976. Hsinchu made two shipments of clear sheet glass to the United States in September 1979. These shipments were not considered by Commerce in its annual review and Commerce published its final results of the administrative review on the basis of the master lists from Treasury.

Commerce concedes that it should have considered the two shipments of clear sheet glass from Taiwan in September 1979 in deciding what constituted the best information available to it as the basis for its determination of the dumping margins (See 19 U.S.C 1677) and asks that the matter be remanded so that it may revise its calculations, if necessary, and issue a redetermination.

Plaintiff agrees that the matter should be remanded and asks the court to direct Commerce with respect to the reconsideration as to the following procedural concerns:

(1) That the correct period of review be designated by the Court to be July 1, 1976 through July 30, 1980

(2) That Hsinchu be required to report all its exports of clear sheet glass to the United States for that period to the extent that it has not done so previously

(3) That this court direct Commerce to base its determination on the actual shipments reported by Hsinchu for the revised period of review, and

(4) That the plaintiff be permitted to participate in the remand proceedings through disclosure of confidential information, a disclosure conference and a hearing. Plaintiff also seeks an opportunity to amend its complaint if necessary within thirty days from the date of the redetermination.

This court cannot give plaintiff access to confidential information in a remand of a first annual review of a dumping finding. Section 751(2) of the Trade Agreements Act of 1979 expressly prohibits the administering authority from revealing confidential information in an annual review and we cannot enlarge plaintiff's rights of disclosure beyond the congressional grant. However, plaintiff will be granted participation in a hearing if it requests one of Commerce under section 751(d)

> (d) Hearings.—Whenever the administering authority or the Commission conducts a review under this section it shall, upon the request of any interested party, hold a hearing in accordance with section 774(b) in connection with that review.

The Legislative History (Volume 2, page 429) of the Act demonstrates that Congress intended participation in the annual review by interested parties both orally and in writing:

> The Authority shall afford interested parties an opportunity to comment on the proposed determination and publish the determination of revised net subsidies or margins of dumping in the Federal Register, including the bases for the assessment of duties on the merchandise included within the determination. (statute)

>    *  *  *  *  *  *  *

> Whenever the Authority or the Commission conducts a review, it shall, upon the request of any interested party, permit the presentation of written and oral views in connection with that review. (statute)

Plaintiff also requests that Commerce be directed to designate the period of review as being from July 1, 1976 through July 30, 1980 and that Hsinchu be required to report all its exports of clear glass to the United States during that period. This court considers

such a directive unnecessary in view of the statutory language of the Act that requires the administering authority to consider every entry subject to the original final determination and determine the amount, if any, by which the foreign market value of each such entry exceeds its United States price. Section 751(2) (A) and (B) of the Act. We shall not presume that Commerce does not understand its duties under the statute and how the dumping margin is to be determined.

It is, accordingly,

ORDERED, that this matter be, and the same here is remanded to the Department of Commerce for a reconsideration of the annual review of clear sheet glass from Taiwan, consistent with this opinion, and it is further

ORDERED, that plaintiff's motions for remand with instructions be and the same hereby is denied, and it is further

ORDERED, that upon completion of the agency redetermination, plaintiff shall have the opportunity to amend its complaint in light of the agency's redetermination within thirty days from the date thereof.